**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN M. SLANINA,

    Plaintiff,

v.

UNITED RECOVERY SYSTEMS, LP,

    Defendant.

CIVIL ACTION NO. 3:11-CV-1391

(JUDGE CAPUTO)

## MEMORANDUM

Defendant United Recovery Systems, LP ("URS") moves to dismiss plaintiff Slanina's complaint. Mr. Slanina alleges URS violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on a non-existent debt. URS argues that it operated in good-faith on information provided by the creditor. It further argues that the FDCPA imposes no duty on a debt collector to investigate the validity of a debt prior to initiating collection proceedings, and the complaint therefore fails to state a claim. Mr. Slanina counters that URS' argument is governed by the bona fide error section of the FDCPA, 15 U.S.C. § 1692k(c) – an affirmative defense inappropriate at the motion to dismiss stage. The Court does not agree with Mr. Slanina and will grant URS' motion to dismiss.

## BACKGROUND

In his complaint, Mr. Slanina alleges that, after incurring a "financial obligation" or "debt," Citibank South Dakota sued him for collection in the Court of Common Pleas of Carbon County, Pennsylvania. After a bench trial in April 2011, the Judge entered a judgment of non-suit in favor of Mr. Slanina. The judgment was not appealed and the debt is therefore non-existent and legally unenforceable. In May 2011, URS, on the basis of information provided by Citibank, sent Mr. Slanina a letter demanding payment of the debt

in the amount of $8,052.18.  Mr. Slanina alleges URS violated the FDCPA in attempting to collect on a non-existent debt.  After Mr. Slanina filed his complaint, URS filed a motion to dismiss.  The motion has been briefed and is ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred).  In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).  "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record.  *See Pension*

*Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

The Court will grant URS' motion to dismiss because there is no obligation under the FDCPA for a debt collector to verify a debt prior to collection.

### I.   **Purpose and Provisions of the FDCPA**

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to

protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Congress was motivated by concern stemming from "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," and noted that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." § 1692(a).

The Act defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt," § 1692a(3), and defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, [though] such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." § 1692a(4). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). Under the Act, "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." § 1692k(a).  § 1692e provides that: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Additionally, the Act requires a debt collector to obtain verification of the debt or a copy of the judgment against the consumer *once* the debt collector receives notice from the consumer that the debt is disputed. 15 U.S.C. § 1692g(a)(4).

Here, there is no argument that Mr. Slanina was a "consumer" and URS a "debt collector" for purposes of the Act.

4

**II.     The FDCPA's Bona Fide Error Defense**

Federal Rule of Civil Procedure 8(c) states: "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." The section of the FDCPA that deals with bona fide error, 15 U.S.C. § 1692k(c), provides: "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error**.**" The "bona fide error" defense is an affirmative defense, on which the debt collector bears the burden of proof. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006 (9th Cir.2008). Thus, to avail themselves of the defense, defendants must show: (1) that their FDCPA violations were unintentional; (2) that these violations resulted from a bona fide error; and (3) that the bona fide error occurred despite defendants' maintenance of procedures reasonably designed to avoid such errors. *Beck v. Maximus, Inc.*, 457 F.3d 291, 297-98 (3d Cir.2006). Such a defense clearly requires factual determinations on a fully developed record.

**III.    Analysis**

The FDCPA did not require URS to validate the debt prior to its initial contact with Mr. Slanina. Mr. Slanina admits as much by not pointing to any passage in the FDCPA which provides for such a duty, but instead arguing that URS is raising a "bona fide error" defense that would require development of the record to adjudicate. While 15 U.S.C. § 1692g(a)(4) does address verification of the debt, this verification is only required *after* the consumer informs the debt collector that the debt is disputed. Requiring debt collectors to

5

investigate and verify a debt *before* collection would create an additional duty not found in the statute's plain language. It would also render 1692g(a)(4) superfluous.

## CONCLUSION

The Court will grant URS' motion to dismiss not because it committed a bona fide error in relying on inaccurate information provided by Citibank – a factual determination more appropriate at the summary judgment stage – but because it had no duty to investigate and verify the debt before it contacted Mr. Slanina.

An appropriate order follows.


 10/20/11                                                               /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                        United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOHN M. SLANINA,

    Plaintiff,

        v.

UNITED RECOVERY SYSTEMS, LP,

    Defendant.

CIVIL ACTION NO. 3:11-CV-1391

(JUDGE CAPUTO)

**ORDER**

    **NOW**, this  20th  day of October, 2011, **IT IS HEREBY ORDERED THAT** defendant United Recovery Systems' motion to dismiss (Doc. 6) is **GRANTED**. The Clerk of Court is directed to mark the case as **CLOSED**.

                                        /s/ A. Richard Caputo
                                        A. Richard Caputo
                                        United States District Judge